CALEB F. HARRIS *v.* GASPEE FIRE AND MARINE INSURANCE COMPANY.

SAME *v.* HUMBOLDT FIRE INSURANCE COMPANY.

"   *v.* MERCHANTS INSURANCE COMPANY, OF HARTFORD.

"   *v.* CITY FIRE INSURANCE COMPANY.

"   *v.* MONTAUK FIRE INSURANCE COMPANY.

A mortgagee who has procured his interest in the mortgaged property to be insured against loss by fire by a policy of insurance, which provides that. in case of loss, the amount thereof shall be paid by him "whenever and as soon as his lien upon said property, by virtue of said mortgage, is established by decree of Court or otherwise," is only obliged, in case of loss, to establish his lien on a portion of the mortgaged property equal in value to the amount of his insurance, in order to recover the amount insured.

All moneys received by said mortgagee, from the sale of what remained of the insured property after the fire, must be deducted from the amount which should otherwise be paid by the insurance company, and interest on the amount to be so paid is to be computed only from the time the lien is established.

THESE were five actions of assumpsit, brought by the plaintiff upon policies of insurance issued by the five defendant insurance companies respectively. Plea, in each case, the general issue.

By agreement, they were all tried together, and also, jury trials having been waived, were heard by the court on both law and fact, upon an agreed statement of facts, the essential points of which are as follows :—

The plaintiff, by policies dated July 30th, 1859, insured his interest in the mill, machinery and dwelling houses comprised in the property formerly known as the Coddington Mill Estate, in Newport, R. I., but then as the Manufacturing Estate of the Touro Manufacturing Company, in the five above named insurance companies, against loss or damage by fire, to the amount of three thousand dollars in each of said companies, for the term of one year from the 29th day of July, 1859.

Before the expiration of the year, namely, on the 31st day of December, 1859, the property was totally destroyed by fire. Notice of the fire was immediately given to the companies by the plaintiff, and they all waived the production of any further proof of the loss.

The interest of the plaintiff in said property is that of mortgagee under two mortgage deeds upon it, executed by Louis J. Doyle, the owner thereof, to Lord, Warren, Evans and Company, one dated August 21st, 1856, and one dated August 22d, 1856, recorded on the tenth day of December, 1856, and transferred to the plaintiff, the property being at the time under a mortgage to the Coddington Manufacturing Company, of whom it was purchased by said Doyle, for $20,000, part of the purchase money, and by the terms of the above named policies, it is provided that " in case of loss the amount of " the respective policies " is to be paid to said C. F. Harris, whenever, and as soon as, his lien upon said property by virtue of said mortgages is established by decree of court or otherwise."

The policies contain a condition, that no suit can be commenced against them after the expiration of one year from the time of the loss. The defendant companies have, however, waived this condition, and agreed (three of the companies in writing and two verbally,) that the plaintiff may commence an action or suit at law against them at any time after the limitation of said condition.

The above named mortgages, as assignee of which the plaintiff procured the above named policies of insurance, were made by Louis J. Doyle to Lord, Warren, Evans & Co., August 21st and 22d, 1856. W. W. Updike gave his written guarantees, dated August 21st and 27th, 1856, respectively, to hold Lord, Warren, Evans & Co. harmless from any loss that might occur to them, on account of their not putting these mortgages on record, which guarantees were known to the defendant companies at the date of the insurance. Before they were placed on record, the following mortgages and conveyances of the mortgaged property were made, namely :—

First. A deed from Louis J. Doyle to William W. Bishop of one undivided third, dated Sept. 27th, 1856, and recorded Sept. 29th, 1856.

Second. A deed from Doyle to Walter.W. Updike of one undivided third, dated Sept. 27th, 1856, but not recorded until the following December.

Third. A mortgage from Doyle to Bishop of one undivided third, dated October 21st, 1856, recorded October 29th, 1856.

Fourth. Fourth. A deed from Doyle to the Rhode Island Bleaching and Cambric Works of one undivided third, dated October 27th, 1856, recorded October 29th, 1856.

Fifth. A quitclaim deed from Doyle to Bishop of his interest in the estate, dated November 6th, 1856.

The last two deeds were executed when Walter W. Updike was absent from this State. On his return, he commenced a suit in the Supreme Court, which resulted in a decree establishing his title to one-third of said estate, under his deed of Sept. 27th, 1856, as a prior title to those acquired by Bishop and the Rhode Island Bleaching and Cambric Works in October and November, 1856.

The plaintiff has established his lien upon the aforesaid property, to the extent as shown in the decree, in the suit *Haynes Lord, et al.* v. *Louis J. Doyle et al.*, and the supplemental suit, *Joel D. Stebbins* v. *Louis J. Doyle et al*, in the United States Circuit Court, a copy of which is hereto annexed.

The property on which these mortgages to the plaintiff were

made was worth not less than $65,000 at the time of the fire.

The real estate and the ruins have been sold under the Coddington mortgage above referred to, subject to which all the titles have been taken, and one third of the excess of the proceeds of sale over the amount due on the Coddington mortgage was paid to the plaintiff, his mortgage coming next to the Coddington mortgage on the third conveyed to Updike by deed of September 27th, 1856. The amount so paid to the plaintiff is $1,059.77, paid March 9th, 1866.

[COPY]

*Rhode Island District, sc.*

CIRCUIT COURT OF THE UNITED STATES, ⎰
November Term, 1864. ⎱

*Haynes Lord et als.* v. *Louis J. Doyle et als.* Original bill.
*Joel D. Stebbens* v. *Louis J. Doyle et al.* Supplemental bill.

DECREE.

This cause came on to be heard at the November term of this court, 1862. * * * * And, upon consideration thereof, it is ordered, adjudged and decreed as follows :—

That the mortgage deeds made and executed by said defendant, Louis J. Doyle, to said complainants, Haynes Lord, John D. Warren, Joshua D. Evans and Joel D. Stebbens, copartners under the style of Lord, Warren, Evans & Co., bearing date the 21st and 22d days of August, 1856, respectively, are valid and subsisting liens upon the estate therein described, to the extent following, only, namely, that the same shall be a lien upon so much of, and that interest in said estate, which was conveyed by said Doyle to Walter W. Updike, by the deed of said Doyle to said Updike, dated the 27th day of September, A. D. 1856, in the pleadings referred to.

And it is further ordered, adjudged and decreed, that at the date of said deed in the pleadings mentioned, made and executed by said Doyle to said William W. Bishop, bearing date the 27th day of September, A. D. 1856, the said Bishop did not have notice of the existence of the two aforesaid mortgages made and executed by said Doyle to said complainants, dated

respectively on the 21st and 22d days of August, A. D. 1856 ; and that said last mentioned mortgages do not constitute any lien or encumbrance on the estate and property conveyed by said Doyle to said Bishop, in and by his the said deed of said Doyle to said Bishop, dated the 27th day of September, 1856, in and upon any portion of the same.

And it is further ordered, adjudged and decreed by the court, that the said defendant, William W. Bishop, at the time of taking the mortgage to him from said Doyle in the pleadings mentioned, dated the 21st day of October, 1856, did not have notice of the two aforesaid mortgages from said Doyle to said complainants, dated August 21st and 22d, A. D. 1856 ; and that said mortgage from said Doyle to said Bishop, dated October 21st, 1856, constitutes a new lien upon the estate and property described, and takes precedence as such, to the said mortgages as made by said Doyle to said complainants, dated August 21st and 22d, 1856.

And it is further ordered, adjudged and decreed, that at the date of the deed in said pleadings mentioned, from said Doyle to said William W. Bishop, bearing date the 6th day of November, A. D. 1856, said Bishop did have notice of said two mortgages from said Doyle to said complainants, dated August 21st and 22d, 1856 ; and that said last mentioned two mortgages constitute a valid lien on said estate conveyed to said Bishop by said Doyle, by said deed, dated November 6th, 1856, subject, however, to said mortgages thereon, from said Doyle to said Bishop, dated October 21st, 1856.

And it is further adjudged, that the Rhode Island Bleach and Cambric Works, at the date of the deed from said Doyle to them, bearing date the 27th day of October, 1856, had actual notice of the two mortgages from said Doyle to said complainants, bearing date the 21st and 22d days of August, 1856, in said pleadings mentioned.

\*      \*      \*      \*      \*      \*      \*

Entered as the decree of this court, per order thereof, this 22d day of November, A. D. 1864.

(Signed,). HENRY PITMAN, *Clerk.*

---

*T. A. Jenckes and Tobey, for the plaintiff:—*

I. The plaintiff having an insurable interest in the property insured at the time the insurance was effected, of greater value than the amount insured, and having since established his lien on said property, is entitled to recover of the defendant companies the whole amount of his policies. 2 American Leading Cases, p. 541 *et seq.* 550, 551, and cases cited. Any interest in real estate, or which would be impaired or injured by its destruction, may be made the subject of a valid insurance. 2 American Leading Cases, p. 553, and cases cited. A lien or security is an insurable interest. 2 American Leading Cases, p. 565, and cases cited. Every one who will be injured by the destruction of property has an interest in its preservation, which he may protect by a policy of insurance. 2 American Leading Cases, p. 580 ; *Holbrook et al.* v. *American Insurance Co.* 1 Curtis, 193 and 199, and cases cited. A mortgagee has an insurable interest corresponding in amount with that of the debt which the mortgage is intended to secure. *Kernochan* v. *N. Y. Bowery Fire Ins. Co.* 5 Duer (N. Y.) 1 ; 2 Phillips on Insurance, § 1511, §§ 289, 290, 292.

II. The plaintiff is entitled to interest on the amount insured from the time of the loss.

III. The sum of $1,059.77 paid the plaintiff as his share of the proceeds of the sale under the Coddington mortgage, should not be deducted from the amount insured in making up the judgment in these suits. *King* v. *State Mutual Fire Insurance Co.* 7 Cushing, 1 ; *Dobson* v. *Land,* 8 Hare, 216 ; *Loomis, Adm'r,* v. *Eagle Life and Health Insurance Co.* 6 Gray, 401, and cases there cited.

*Hart, for the defendants :—*

To satisfy the language of these policies, and entitle the plaintiff to recover, the mortgages must be established as a lien upon the whole property. They do not say, "payable when the lien by virtue of the mortgages is established upon the whole or any part of the property," but "upon said property." It is not pretended that the decree of the Circuit Court does this.

II. The plaintiff's mortgages of the 21st and 22d of August,

1856, were guaranteed by W. W. Updike in writing, at or about the making of the same, viz., on the 21st and 27th of August, 1856, as a consideration for the original mortgagees, Lord, Warren, Evans & Co. not recording them. This was known to all parties at the time of effecting the policies of insurance, and that, as a matter of course, the deed of September 27th, 1856, of one-third of the property to W. W. Updike was taken, subject to the lien of plaintiff's mortgages, said Updike, as guarantor, having actual notice of the same. What, therefore, was contemplated by the parties at the time of issuing the policies was, that plaintiff should establish them as good and valid liens upon the remaining two-thirds of the property, to bind the defendants to pay. The decree declares the mortgages no lien upon the third conveyed by Doyle to Wm. W. Bishop by deed dated September 27, 1856, and only a lien on another third, subject to prior mortgage to Bishop, of the 21st of October, 1856, for $16,207.21.

III. All, therefore, that the decree does, within the true intent and meaning of the policies, is, to establish the mortgages as a dry, valueless lien upon one third of the property. The plaintiff is entitled to recover nothing, as he has lost nothing. Insurance is a mere contract of indemnity. These are open policies upon the assured's interest in certain described property. Whatever was the true value of that interest, the plaintiff is entitled to recover, and no more. Angell on Fire and Life Insurance, p. 49, § 11 ; Phillips on Insurance, vol. 2, p. 1, § 1176 ; *Niblo* v. *N. Am. Ins. Co.* 1 Sandf. S. C. R. 551. This is the general principle applicable to insurance when the nature of the interest is not disclosed, or the assured describes himself as owner. Whatever may be the sum insured in case of loss, it is the value of the subject-matter that determines the amount recoverable. The same principle applies in case of insurance by a mortgage. The insurable interest of a mortgagee, is the debt or claim as security for which the mortgage is given. Phillips on Insurance, vol. 2, § 1511 ; also, Angell on Insurance, § 59. But the insurable interest is one thing and the value of the subject matter destroyed is another. See *Smith* v.

*Colmmbian Co.* 5 Harris, 253 ; Phillips on Insurance, vol. 2, § 1244, and cases cited. The plaintiff has received on the mortgage, from sale of mortgaged premises under first mortgage, $1,059.77, which should be credited on the policies, if it should be decided that plaintiff is entitled to recover ; it being the better doctrine, that upon payment by underwriters to a mortgagee, in case of loss, they are entitled to an assignment of the whole or a proportional part of the debt. *Carpenter* v. *Washington Insurance Co.* 16 Peters, 495. A different view is taken by the Supreme Court of Massachusetts in *King* v. *State Mutual Ins. Co.* 7 Cush. 1, but the weight of authority is with the Supreme Court of the United States, as see Phillips on Insurance, § 1712, and cases cited. If plaintiff is entitled to recover anything, interest should be computed only from date of decree.

DURFEE, J. On the 30th of July, 1859, the plaintiff, being interested in the manufacturing estate of the Touro Manufacturing Company, so called, in Newport, R. I., as the transferee of two mortgages thereon, given by L. J. Doyle to Lord, Warren, Evans & Co., and dated, the one August 21st, and the other, August 22d, 1856, procured from the defendant companies an insurance of his interest to the amount of $15,000, being $3,000 in each company. Each of the policies states that the said mortgages are " subject to a prior mortgage on said estate for twenty thousand dollars, or about that sum, and in case of loss the amount of this policy is to be paid to said Caleb F. Harris whenever and as soon as his lien upon said property, by virtue of said mortgage, is established by decree of court or otherwise." This provision in regard to payment appears to have been inserted because, at the time the insurance was effected, the extent of the plaintiff's interest under the mortgages transferred to him, was in question ; for the reason that after those mortgages were made, and before they were recorded, certain conveyances and mortgages had been made to other parties, thus complicating the title. The fire occurred, during the continuance of the policy, December 31, 1859, and afterwards, in 1864, the extent of the plaintiff's lien under the mortgages transferred to him, was established by a decree of the Circuit Court. The priorities

of the parties interested in the property, as ascertained or admitted, in so far as we need state them, appear to have been as follows, to wit. :—

1. The Coddington Manufacturing Co. held a mortgage for $20,000, being the prior mortgage mentioned in the policies, which covered the whole estate, subject to this mortgage.

2. W. W. Bishop was the owner in fee of one undivided third.

3. W. W. Bishop held a mortgage for one other undivided third.

4. The plaintiff held a lien by his mortgages upon all the residue.

The property on which the mortgages were made was worth not less than $65,000 at the time of the fire. Since then, the Coddington Manufacturing Company have sold the land and ruins under their mortgage and discharged their mortgage with the proceeds, and have paid over one third of what was left of the proceeds, to wit., $1,059.77, to the plaintiff, March 9th, 1866. The debt covered by the mortgages transferred to the plaintiffs was, at the date of the policies, $15,551.03.

These actions were brought in the Supreme Court, at the October term thereof, 1865.

1. The defendants contend that the plaintiff is not entitled to recover, because the policies, by their terms, are not payable until the plaintiff's lien is established "upon said property," which, they contend, means the whole property, whereas the lien decreed is only a lien upon two-thirds, subject to such priorities as practically reduces it to a lien on one-third. We do not think this is the fair construction of the policies. A lien upon two undivided thirds, or one undivided third, of a given estate or property, is, in our opinion, a lien upon said property. The lien, being upon an undivided interest, charges the whole property to the extent of that interest, which subsists as an undivided part of every particle of the property. And this construction accords with the obvious design of the policies; for if, as we presume, they were designed as security against loss by fire, the plaintiff would desire to have them hold, whether

his mortgages were a charge upon *one* undivided third or upon *three* undivided thirds ; for the risk, except perhaps in the value of the interest exposed, would be the same in either case.

2. The plaintiff can recover only the amount of his loss by the fire, and of course nothing was lost by the fire which remained to be sold after the fire. Out of what was sold the plaintiff received $1,059.77, and this, therefore, if it was his proper proportion of what remained, should be deducted from the value of his interest in the property to ascertain his loss. If, at the time the fire occurred, the value of his interest was $15,000, then $15,000—1,059.77=13,940.23 was his loss by the fire, and consequently the amount which the defendant companies ought to pay him under their policies. The question chiefly argued by the counsel in regard to this payment does not, in our view, arise.

3. We think the plaintiff is entitled to interest on the amount to be paid by the companies, only from the time the lien was established by the decree of the Circuit Court, to wit., from November 22, 1864, the companies having agreed to pay the amount of the policies, in case of loss, whenever and as soon as the lien should be established.

*Judgment accordingly.*